**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SUZANNE CARUSO,** | **Civil Action No. 11-1951 (DMC)** |
| **Plaintiff**, | |
| **v.** | |
| **JOSEPH OCCHIOGROSSO, PATRICK WELSH, and SHOP TO EARTH,** | **OPINION** |
| **Defendants.** | |

**FALK, U.S.M.J.**

Pending before the Court is Plaintiff Suzanne Caruso's motion for the entry of default judgment against Defendant Joseph Occhiogrosso, as well as Occhiogrosso's cross-motion to vacate default and to stay the case.   (CM/ECF Nos. 22, 32.)  The motions are decided on the papers submitted.  See Fed. R. Civ. P. 78(b).  For the reasons stated below, Occhiogrosso's motion to vacate default is **granted**.  Plaintiff's motion for the entry of default judgment is **denied**.  The motion to stay is also **denied**.

## BACKGROUND

This case arises out of the parties association with Viridian Network, LLC ("Viridian").  Viridian is an alternative supplier of electricity for select deregulated states and public utilities.  (See Compl. ¶ 8.)  Viridian utilizes a multi-level marketing sales strategy.  It contracts with

1

independent salespeople ("Associates") who enroll customers and other salespeople.  (Compl. ¶ 13.)  Viridian Associates earn commissions for each customer they personally switch to Viridian. (Compl. ¶ 16.)  Associates also earn commissions for customers that are brought in by Associates whom they have recruited into the network of Viridian Associates.  (Id.)

Plaintiff was an Associate with Viridian from November 2009 to early July 2010.  (See Compl. ¶¶ 58, 220.)  During this time, she recruited Occhiogrosso into her network of Viridian Associates.  (Compl. ¶ 68.)  Plaintiff alleges that prior to her termination, Occhiogrosso and several other Associates and Viridian employees tortiously interfered with her contractual relationship with Viridian by removing Occhiogrosso from her network of Associates.  (See Compl. ¶¶ 222-277.)  On March 24, 2011, Plaintiff initiated an arbitration proceeding against Viridian relating to these claims.  (See Def.'s  Br. 4.)  An arbitrator entered an award in favor of Viridian.  Thereafter, Plaintiff appealed the arbitration award to the New York Supreme Court, where it was vacated in its entirety.  Viridian appealed the state court's decision to the New York Appellate Division, where it remains pending.

On April 5, 2011, Plaintiff initiated this litigation, alleging that Occhiogrosso—as well as several other Viridian Associates and employees—tortiously interfered with her contractual relationship with Viridian.  (See Compl. ¶¶ 222-277.)[1]  On July 18, 2011, Defendant Occhiogrosso filed a notice of appearance and "declaration of intent to move to compel arbitration."  (See Def.'s Br. 4.)  Later that day, Plaintiff filed a request for default against

---

[1]  The Complaint contains fourteen counts, seven alleging tortious interference and seven alleging unjust enrichment.  In addition to Occhiogrosso, also named as defendants are another marketing company, Shop to Earth ("STE"), and its CEO, Patrick Welsh.  It is alleged that Welsh and STE were involved in interfering with Plaintiff's Viridan contract.  Viridian is not a

2

Occhiogrosso, which the Clerk entered on July 19, 2011.  (Id. at 5.)

More than a month after default was entered, on September 9, 2011, Occhiogrosso filed a motion to vacate default and compel arbitration.  (Hocking Certif. ¶ 4.)  On April 30, 2012, District Judge Cavanaugh entered an Order directing the parties to apprise the Court of the status of the Viridian arbitration within 45 days.  (CM/ECF No. 15.)  On June 6, 2012, the parties filed a joint statement stating, in part, that the motion to compel arbitration was moot, but that the parties could not agree on whether the default entered against Occhiogrosso should be vacated. (See CM/ECF No. 16; Hocking Certif. ¶¶ 5-6.)  On December 22, 2012, Plaintiff filed a motion for default judgment.  (Hocking Certif. ¶ 19.)  On February 5, 2013, Occhiogrosso filed a cross-motion to vacate default and stay this litigation pending resolution of Viridian's appeal of the New York Supreme Court's ruling vacating the arbitration award.

## <u>ANALYSIS</u>

### A.   <u>Defendant Occhiogrosso's Motion to Vacate Default</u>

The decision to set aside an entry of default rests within the court's discretion.  See Fed. R. Civ. P. 55(c); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). Courts generally disfavor entry of default judgment.  See Tozer, 189 F.2d at 245.  All doubts are resolved in favor of setting aside default so that cases may be decided on the merits.  See Livingston Metal Powder, Inc. v. N.L.R.B., 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir. 1976).

Courts consider three factors in determining whether to vacate the entry of default: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced if

---

Defendant in this case.

default is not granted; (3) whether the defendant's delay in defending was the result of culpable misconduct.  See, e.g., Farnese v. Bagnasco, 687 F.2d 761 (3d Cir. 1982); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

The first factor is whether the defendant has a meritorious defense.  See $55, 518.05 in U.S. Currency, 728 F.2d at 195.  There would be no point in setting aside default and proceeding with this litigation if Occhiogrosso could not demonstrate a possibility of winning.  See id. Here, Occhiogrosso has denied that he committed any of the acts that provide the foundation of Plaintiff's various claims.  (See Affidavit of Joseph Occhiogrosso ("Occhiogrosso Aff.") ¶ 6.) Defendant Occhiogrosso has also denied that Plaintiff received any less compensation as a result of his alleged removal from her network of Viridian Associates.  (See Occhiogrosso Aff. ¶ 7.) Occhiogrosso does not need to spell out his entire defense in order to set aside the default.  The Court is satisfied that a sufficient showing of a plausible defense has been made.  This factor weighs in favor of vacating default.

Second, Plaintiff would not suffer any prejudice from proceeding with the merits of the case.  Plaintiff generically asserts that vacating default would prolong the case and cost more money.  However, courts have consistently held that minimal delay in the resolution of the case and increased financial costs associated with additional litigation rarely constitute sufficient prejudice to avoid setting aside a default.  See, e.g., Feliciano v. Reliant Tooling Co., 691 F.2d 651, 656-57 (3d Cir. 1982); Tozer, 189 F.2d at 246.  Furthermore, Plaintiff has not established that its ability to pursue this claim has been hindered since the entry of default.  There has been no loss of available evidence and no substantial reliance on the default.  See Feliciano, 691 F.2d at 657.  This factor weighs in favor of vacating default.

Third, Occhiogrosso has established that his delay in defending the case was not the result of culpable misconduct.  In the context of setting aside a default, culpable misconduct means actions taken willfully or in bad faith.  <u>See, e.g.</u>, <u>Gross</u>, 700 F.2d at 124; <u>Feliciano</u>, 691 F.2d at 657.  Nothing in the record indicates that Occhiogrosso's delay in defending was willful or in bad faith.  As the deadline for filing a responsive pleading approached, Occhiogrosso requested that Plaintiff agree to extend this deadline because counsel had just been retained.  (<u>See</u> Def.'s Br. 4.) Plaintiff declined to consent.  (<u>See</u> <u>id.</u>)  Occhiogrosso then filed a notice of appearance and, perhaps hoping to avoid default, a "declaration of intent to move to compel arbitration."  Plaintiff requested a default that same day.  Occhiogrosso's attorney has represented that his delay in filing his first Motion to Vacate Default was the result of an extremely heavy workload.  (<u>See</u> Hocking Certif. ¶ 15.)  Nothing in this series of events suggests that Defendant Occhiogrosso intentionally delayed defending this action.  This factor also weighs in favor of vacating default.

Each of the relevant factors weigh in favor of setting aside default.  Therefore, Occhiogrosso's motion to vacate default is **granted**.  Correspondingly, Plaintiff's motion for the entry of default judgment is **denied**.

## B. <u>Defendant Occhiogrosso's Motion to Stay</u>

In his cross-motion, Occhiogrosso also requests that this case be stayed pending the outcome of non-party Viridian's appeal of the arbitration award decision in the New York Appellate Division.  Occhiogrosso's brief does not contain a complete analysis of the considerations relevant to a request to stay litigation, instead blending the stay request into his opposition to default judgment and his request to vacate default.  In all events, the request, to the extent it is properly made, is denied for the reasons below.

A party moving for a stay of litigation must clearly establish that it would suffer hardship or inequity in being required to go forward.  See Landis v. North Am. Co., 299 U.S. 248, 255 (1936); CTF Hotel Holdings, Inc. v. Marriott Intern., Inc., 381 F.3d 131, 139 (3d Cir. 2004).  This is because a stay of litigation essentially abridges the non-moving party's right to litigate.  See CTF Hotel Holdings, Inc., 381 F.3d at 139.  Occhiogrosso essentially contends that a stay of this case is warranted because his legal position is aligned with Viridian's position in the state court arbitration appeal.  In his view, if Viridian prevails on appeal, he will prevail here, and any litigation that proceeds in the interim would be wasteful and duplicative.  This argument falls well short of establishing the need for a stay.

Occhiogrosso is not a party to the arbitration proceeding, which is between Viridian and Plaintiff.  Occhiogrosso apparently believes Viridian will prevail in state court and that such a result will have *res judicata* and/or collateral estoppel effect here.  But, that is nothing more than Occhiogrosso's litigation position, which Plaintiff does not agree with and which is wholly inadequate to stay the entire case.  See CTF Hotel Holdings, Inc., 381 F.3d at 139 (rejecting possible collateral estoppel effects of arbitration as basis for a stay).  Occhiogrosso's desire to piggyback on whatever a non-party does or does not do in state court proceeding is no basis for staying this case.  In truth, a stay would be highly inappropriate.  The case has been pending for more than two years.  None of the named defendants are participants in arbitration.  The Complaint is comprised of fourteen counts, including claims brought against Defendants other than Occhiogrosso.  The reality is no matter what happens in the Viridian arbitration, there will almost assuredly be issues and claims remaining in this federal lawsuit.  The Court will not stay this entire case because of the remote possibility of some tangential benefit from an arbitration

proceeding involving a non-party.  The motion to stay is **denied**.[2]

## CONCLUSION

Based on the above, Occhiogrosso's cross-motion to vacate default is **granted**.

Plaintiff's Motion for entry of default is **denied**.  Defendant's motion to stay the case is also

**denied**.

Dated:  July 9, 2013

 s/Mark Falk_____
**MARK FALK**
**United States Magistrate Judge**

_____

[2] On May 3, 2013, Occhiogrosso filed a motion for a protective order and to stay discovery.  This Opinion does not resolve that motion, which will be addressed separately.  And the denial of the present motion—which seeks a stay of the *entire case*—does not necessarily mean that the Court might not be inclined to put aside certain discovery pending the arbitration.