UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE CARUSO, | Civil Action No. 11-1951 (DMC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JOSEPH OCCHIOGROSSO, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Plaintiff Suzanne Caruso's ("Plaintiff") motion for leave to file an amended complaint. [Docket Entry No. 53]. Defendant Joseph Occhiogrosso ("Defendant") opposes Plaintiff's motion and has cross-moved for an order that Plaintiff is collaterally estopped from bringing this action against Defendant. [Docket Entry No. 55]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, both motions. The Court considers both motions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion to Amend is GRANTED and Defendant's motion is DENIED as moot.

**I.    BACKGROUND**

Plaintiff entered into a contract to work as an associate for Viridian Network, LLC ("Viridian"), "an alternative supplier of electricity for select deregulated states and public utilities." *Compl.* at ¶8. Viridian uses a multi-level marketing model ("MLM") in its operations. This means that each associate endeavors to recruit other associates, and they in turn continue recruiting their own associates. *Id.* at ¶18. In this regard, a "multi-level organization is built." *Id.*

1

For the original associate, all additional associates recruited after her are part of what is known as that associate's "down-line." *Id.* at ¶19. An associate's compensation is calculated based upon his or her down-line. *Id.* at ¶21.

In January 2010, Plaintiff recruited Defendant as an associate in her down-line. *Id.* at ¶68. Defendant, among others, was removed from Plaintiff's down-line in February 2010. *Id.* at ¶84. Plaintiff was terminated from her employment with Viridian on July 8, 2010. *Id.* at ¶220. Plaintiff filed this action on April 5, 2011 alleging various unjust enrichment and tortious interference with contract claims against Defendants. On July 18, 2011, default was entered by the Clerk of the Court against Defendant Occhiogrosso and Defendant Shop to Earth. Defendant Occhiogrosso subsequently filed a motion to dismiss the complaint, compel arbitration and vacate default. [Docket Entry No. 7].

Prior to filing the instant action, Plaintiff filed an arbitration demand against Viridian, alleging breach of contract and unjust enrichment. *Defendant's Brief in Opposition* at 2; Docket Entry No. 55-5. In evaluating Defendant's motion to dismiss, the Court noted that "Defendant's essential argument is that the allegations contained in Plaintiff's complaint should be joined as inextricably related to claims asserted in the Pending Arbitration" and acknowledged that the "passage of the Arbitration would at least affect, and at most moot, Defendant's motion to compel arbitration" and requested a status update. [Docket Entry No. 15 at 2]. On June 6, 2012 the parties notified the Court that an arbitration award (the "Award") had been rendered in favor of Viridian. [Docket Entry No. 16 at 1]. At this time, Defendant again reiterated his position that collateral estoppel applied. *Id.* Defendant's motion was administratively terminated, with no decision having been rendered on vacatur of default. It appears that from this time until December 2012 the case had not progressed.

In the interim, the arbitration award in favor of Viridian was vacated in its entirety by the Honorable Charles E. Ramos, J.S.C. of the New York Supreme Court, New York County, after he found that Plaintiff was improperly excluded from portions of the arbitration in violation of Rule 23 of the American Arbitration Association's Commercial Arbitration Rules. [Docket Entry No. 58-2 at 15:21-25]. As a result, Plaintiff moved for default judgment against Defendant on December 22, 2012, as the entry of default against Defendant was never vacated. [Docket Entry No. 22]. Viridian subsequently appealed the New York Supreme Court's ruling vacating the arbitration award. On February 5, 2013, Defendant filed a cross-motion to vacate default and stay the litigation pending resolution of Viridian's appeal. In an Opinion entered on July 9, 2013, the Honorable Mark Falk, U.S.M.J. vacated default against Defendant, denied Plaintiff's motion for default judgment and denied Defendant's request to stay the proceedings. [Docket Entry No. 44]. On September 10, 2013, the Appellate Division, First Department of the Supreme Court of the State of New York reinstated the arbitration award in favor of Viridian, holding that "[Plaintiff's] termination was justified" and that "[t]he exclusion of [Plaintiff] from approximately 5% of the proceedings was…harmless error, since the result would have been the same had she been present." [Docket Entry No. 58-3]. Plaintiff thereafter filed a motion seeking reargument before the First Department. The case was then transferred to the undersigned, and after a telephone conference with the parties, Plaintiff was given leave to file the instant motion.

Subsequent to the parties' completion of all briefing in connection with this motion, the First Department on December 19, 2013 granted Plaintiff's motion for reargument and vacated its September 10, 2013 order. [Docket Entry No. 65-1]. In light of this change and after discussing the matter with counsel during a conference call on December 30, 2013, the Court gave leave to Defendant to file supplemental briefing as to why Plaintiff's motion should be

3

denied. Defendant filed a brief on January 14, 2014 and Plaintiff filed a reply on January 17, 2014. [Docket Entry Nos. 65, 66].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The Third Circuit has recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)) (internal quotations omitted). "Delay alone is not sufficient to justify denial of leave to amend…When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Id.* (internal citations omitted).

## III. <u>DISCUSSION</u>

### A. Motion to Amend

Plaintiff seeks to amend her complaint to allege one count of tortious interference and one count of unjust enrichment. As outlined in this Court's Letter Order dated November 25, 2013, the Court finds that Plaintiff is not permitted to amend as of right. This Court found, in pertinent part, that:

> [t]he Complaint in this matter was filed on April 5, 2011. The Clerk of the Court entered default against Defendant Joseph Occhiogrosso ("Defendant") on July 18, 2013. On September 9, 2011 Defendant Joseph Occhiogrosso filed a motion to vacate the entry of default, to compel arbitration and to dismiss himself as a defendant in the action pursuant to Fed.R.Civ.P 12(b). [Docket Entry No. 7]. Consequently, the Court finds that, under subsection (B) of Fed.R.Civ.P. 15(a)(1), Plaintiff had twenty-one days from September 9, 2011 by which to file an amended complaint as of right. Simply because Defendant has not filed an answer does not allow Plaintiff to amend as of right under the federal rules. Accordingly, Plaintiff's time-frame within which to amend as of right expired on September 30, 2011. Therefore, the Court finds that Plaintiff must move pursuant to Rule 15(a)(2).

[Docket Entry No. 59 at 1]. Consequently, the Court shall turn to whether amendment is proper pursuant to Rule 15(a)(2). Plaintiff's proposed amended complaint states that:

> Defendants intentionally, maliciously and through improper means interfered with Plaintiff's Agreement with Viridian and caused the breach thereof. Specifically with respect to Occhiogrosso, this was accomplished by, among other things, Occhiogrosso's having himself removed from Plaintiff's downline, having two levels inserted above him in the new Viridian Corporate downline, negotiating his private deals with Viridian and 'stacking' his Viridian entities.

*Proposed Amended Complaint* at ¶66; Docket Entry No. 53-2. Plaintiff further states that:

> Upon information and belief, all Defendants have been unjustly enriched. Specifically with respect to Occhiogrosso, it is alleged that he has been unjustly enriched by, among other things, having himself removed from Plaintiff's downline, having two levels inserted above him in the new Viridian Corporate downline, negotiating his private deals with Viridan (*sic*) and 'stacking' his Viridian entities.

*Id.* at ¶70.

1. Arguments

Defendant had initially argued that Plaintiff's motion to amend should be denied for two reasons. First, Defendant claimed that he would be prejudiced by an amended complaint being filed over two years after the action commenced. *Deft. Br. Opp.* at 18. Second, Defendant argued that Plaintiff was collaterally estopped by the reinstated Arbitration Award from amending the complaint or proceeding under the original. However, the First Department's subsequent reversal of itself rendered Defendant's collateral estoppel argument moot, as Defendant concedes in his supplemental brief to this Court. *See Defendant's Supplemental Brief in Opposition* at 3-4; Docket Entry No. 65. ("Occhiogrosso cannot currently argue that Plaintiff's motion to amend should be denied because of the collateral estoppel consequences of the Award in favor of Viridian.") As such, Defendant's opposition now rests upon grounds of prejudice, for which Defendant proffers three arguments.

First, Defendant argues that "Plaintiff's claims against Occhiogrosso cannot exist without a breach of contract by Viridian." *Id.* at 3 (emphasis omitted). This is because, Defendant argues, "Viridian's alleged breach of Plaintiff's Agreement/contract…is an essential substantive element of a claim against Occhiogrosso for tortious interference." *Id.* In this regard, Defendant claims that Plaintiff is attempting "place the cart before the horse" and that the arbitration, now remanded for further proceedings, will ultimately determine the viability of Plaintiff's claims in the instant action. *Id.* Further, Defendant maintains that, given the history of the arbitration award, it is "not beyond imagination" that the arbitration award could once again be reinstated in favor of Viridian. *Id.* at 4.

Second, Defendant claims that "the sole purpose of the proposed amendment is to attempt to frustrate a motion by Occhiogrosso to compel arbitration." *Id.* As outlined in the Certification

6

of Joseph J. Hocking, Esq., the vast majority of the paragraphs of the original Complaint and the Arbitration Demand in the Viridian matter are identical. *See* Docket Entry No. 55-3. Defendant claims that an amendment to the complaint is designed to eliminate the symmetry between the pleadings and to frustrate Defendant's attempt to compel arbitration of his claims. *Deft. Supp. Br. Opp.* at 6.

Lastly, Defendant argues that Plaintiff should be estopped from amending her complaint, in light of the fact that she was content to rely on the original complaint for purposes of filing a motion for default judgment against Defendant just two days after the award was originally vacated. *Id.* at 4. Defendant asserts that "[t]he allegations in the pending Complaint were perfectly adequate for Plaintiff to seek to enter default judgment against Occhiogrosso when it believed it had procedural and substantive leverage over Occhiogrosso." *Id.* However, Defendant argues that it was only after the award was reinstated on September 10, 2013 that Plaintiff sought leave to amend during a telephone conference with the Court on October 2, 2013. *Id.* at 5. As such, Defendant claims that Plaintiff has "fail[ed] to proffer any meaningful, credible explanation for the proposed amendment" and thus, submits that the motion be denied. *Id.* at 6.

In her reply, Plaintiff refutes Defendant's arguments by contending that any motions Defendant may make in the future with respect to collateral estoppel or compelling arbitration are not grounds for denying Plaintiff's motion to amend her complaint. Plaintiff notes that no appeal has yet been filed with respect to the arbitration award and indeed, leave must first be sought from the New York Court of Appeals to file such an appeal. *Plaintiff's Supplemental Brief in Reply* at 1, n.3; Docket Entry No. 66. Plaintiff further argues that, even if the arbitration award were to be reinstated in favor of Viridian, Defendant's future motion for collateral

7

estoppel would still fail. *Id.* at 2. In response to Defendant's argument that the arbitration should be decided before litigation should move forward in this matter, Plaintiff notes that Judge Falk had already previously determined that this case was not one in which a stay was warranted. *Id.* at 1-2.[1]

Second, Plaintiff contests Defendant's argument that the sole purpose of amending is to frustrate Defendant's intention to compel arbitration. Plaintiff argues that by amending, Plaintiff is not acting in bad faith, as "under either version of Plaintiff's complaint, [Defendant] is not entitled to arbitrate Plaintiff's claims." *Id.* at 2. Plaintiff then engages in a lengthy argument and analysis as to why she feels that a proposed motion to compel would fail on the merits.

Lastly, Plaintiff argues that the burden is on Defendant to show that the amendment would result in prejudice to Defendant. Plaintiff maintains that whether or not she "fail[ed] to proffer any meaningful, credible explanation for the proposed amendment" is irrelevant, as she has no burden to do so. *Id.* at 4. Further, Plaintiff submits that Defendant has failed to make a showing of prejudice in this instance. Plaintiff asserts that the amended complaint "merely clarifies the factual allegations underpinning Plaintiff's existing claims" and as such, submits that her motion should be granted. *Id.* at 5.

2. Analysis

The Court finds that Plaintiff's motion should be granted. The Court finds that it is indeed Defendant's burden to show prejudice and that Defendant has failed to make such a showing and does not argue any other grounds which would permit this Court to deny Plaintiff's motion. First, the Court notes that, although the arbitration likely will have an impact on Plaintiff's complaint in this matter, there are also other issues which do not depend on the arbitration with Viridian, as found by Judge Falk. *See* Docket Entry No. 44 at 6. (The reality is no

---

[1] Indeed, it does not appear that Defendant has moved for or requested a stay of litigation.

matter what happens in the Viridian arbitration, there will almost assuredly be issues and claims remaining in this federal lawsuit.") Furthermore, Defendant makes no argument that a stay is appropriate in this instance. The outcome of the remanded arbitration is only pure conjecture at this stage of litigation and is therefore not a ground for establishing prejudice. As such, the Court does not find that Defendant will be prejudiced by Plaintiff's amendment of the complaint in this respect.

Second, as Plaintiff correctly notes, any motions that Defendant intends to file in the future carry no weight with respect to this Court's analysis. Although this case has been pending for almost three years and amendment of the complaint at this stage is usually rare, the Court finds that this case presents special circumstances due to the "back and forth" nature of the arbitration. The Court notes that Plaintiff has not previously sought to amend nor has Plaintiff acted in bad faith in seeking to amend, especially as Plaintiff does not seek to add new counts, but is only condensing her fourteen original counts down to two. Indeed, Defendant acknowledges that "the proposed amended complaint…contains the same essential factual allegations as in the pending complaint[.]" *Deft. Supp. Br. Opp.* at 6. However, as to Plaintiff's argument that a motion by Defendant to compel arbitration would unsuccessful, the Court makes no findings as to the substantive merit of such a motion.

Lastly, as to Defendant's argument regarding Plaintiff's prior reliance on her complaint, the Court finds this argument to be without merit. Plaintiff was fully entitled to rely on the allegations set forth in her complaint for purposes of a motion for default judgment. In addition, Plaintiff was also entitled to seek leave to amend that pleading. Such behavior does not constitute bad faith. Again, Plaintiff is merely condensing her complaint and Defendant has conceded that the factual allegations remain virtually unchanged. Therefore, Plaintiff is not estopped from amending her complaint on this ground.

In light of the foregoing, Plaintiff's motion to amend is GRANTED.

### B. Cross-Motion for Collateral Estoppel

As outlined above, Defendant's grounds for collateral estoppel have been rendered moot by the First Department's reversal of itself on Plaintiff's petition for reargument. As such, Defendant's cross-motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is hereby GRANTED and Defendant's motion is DENIED as moot. An appropriate Order follows.

Dated: January 29, 2014

                                              s/James B. Clark, III
                                              **HONORABLE JAMES B. CLARK, III**
                                              **UNITED STATES MAGISTRATE JUDGE**