Not for Publication

**United States District Court
for the District of New Jersey**

|  |  |
|---|---|
| SUZANNE CARUSO,<br><br>　　　　　*Plaintiff*,<br><br>　v.<br><br>JOSEPH OCCHIOGROSSO, PATRICK WELSH, SHOP TO EARTH,<br><br>　　　　　*Defendants*. | Civil No.: 11-1951 (KSH)<br><br><br>**Opinion and Order** |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

　　　This matter comes before the Court upon defendant Occhiogrosso's motion to dismiss [D.E. 76] the amended complaint [D.E. 70].  The Court notes as follows:

- The amended complaint asserts claims for tortious interference with contract and unjust enrichment;

- The amended complaint describes in detail the multi-level marketing protocol employed by Viridian Energy ("Viridian"), the organization with which both plaintiff Caruso and Occhiogrosso allegedly contracted for employment;

- Caruso claims that the alleged manipulation of this protocol, purportedly resulting in her termination from Viridian, gives rise to claims for tortious interference with contract and unjust enrichment;

- Occhiogrosso argues that the amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because Caruso has failed to join Viridian as a party under Fed. R. Civ. P. 19; and that the claim of unjust enrichment must be dismissed under Fed. R. Civ. P. 12 (b)(6).

　　　Having reviewed the amended complaint and the parties' submission on the motion, the Court makes the following legal conclusions:

- Occhiogrosso has failed to demonstrate that complete relief cannot be accorded to the parties in Viridian's absence pursuant to Fed. R. Civ. P. 19(a)(1)(A).  As the party alleged to have interfered with Caruso's contract with Viridian, Occhiogrosso is the proper defendant for the claims asserted. *See Emerson Radio Corp. v. Orion Sales, Inc.,* 253 F.3d 159, 173 (3d Cir. 2001) ("A cause of action for tortious interference with contract cannot be directed against a defendant who is a party to the contract.");

- Occhiogrosso also has failed to satisfy his burden under Fed. R. Civ. P. 19(a)(1)(B). Specifically, Occhiogrosso has not shown either (1) that some aspect of this matter's outcome might impair or impede Viridian's ability to protect an interest at issue in the action, such that a disposition here likely can "preclude [Viridian] with respect to an issue material to [Viridian's] rights or duties," *see Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993), or (2) that disposal of this action might subject him to a substantial risk of incurring double or otherwise inconsistent obligations, *see id.* at 412. To the extent Occhiogrosso asserts that inconsistent judgments could foreclose his alleged indemnification and contribution claims against an absent defendant, such arguments were considered and rejected in *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 318–19 (3d Cir. 2007);

- As to Caruso's claim for unjust enrichment, she has plausibly alleged that she conferred a benefit on Occhiogrosso by recruiting him to Viridian at an advantageous time; that she reasonably expected, based on her alleged agreement with Viridian, that Occhiogrosso's position and efforts would benefit her as well; and that, by manipulating his position within the multi-level protocol, Occhiogrosso ensured that he would gain substantially while denying Caruso similar benefits. Such allegations are sufficient to state a claim at this stage. *See Dzielak v. Whirlpool Corp.*, No. 12-0089, 2014 WL 2758746, at *16 (D.N.J. June 16, 2014) (McNulty, J.) ("At the pleading stage, a plaintiff 'need only allege facts sufficient to show: 1) Plaintiff conferred a benefit on Defendant; and 2) circumstances are such that to deny recovery would be unjust.'") (citations omitted).

Based on the foregoing, the motion to dismiss the amended complaint [D.E. 76] is denied.

**SO ORDERED** this 30th day of September, 2014.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.