UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE CARUSO,<br><br>    Plaintiff,<br>v.<br><br>JOSEPH OCCHIOGROSSO, PATRICK WELSH and SHOP TO EARTH,<br><br>    Defendants. | 2:11-cv-01951-DJMC-MF<br><br>**ANSWER TO<br>FIRST AMENDED COMPLAINT,<br>SEPARATE AND AFFIRMATIVE<br>DEFENSES, CROSS-CLAIM AND JURY<br>DEMAND** |

Defendant, JOSEPH OCCHIOGROSSO ("Defendant" or "Occhiogrosso"), by his attorneys Schenck, Price, Smith & King, LLP, as and for its Answer to Plaintiff, Suzanne Caruso's ("Plaintiff"), First Amended Complaint, respond as follows:

**AS AND FOR AN ANSWER TO THAT PORTION OF THE
FIRST AMENDED COMPLAINT ENTITLED "PARTIES"**

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint, and leaves Plaintiff to her proofs.

2.      Defendant admits the allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 3 and 4 of the First Amended Complaint, and leaves Plaintiff to her proofs.

### AS AND FOR AN ANSWER TO THAT PORTION OF THE
### FIRST AMENDED COMPLAINT ENTITLED "JURISDICTION AND VENUE"

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 5 of the First Amended Complaint, except admits that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1332(a)(1).

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiff's assertion of venue is based on 28 U.S.C. § 1391.

### AS AND FOR AN ANSWER TO THAT PORTION OF THE
### FIRST AMENDED COMPLAINT ENTITLED "BACKGROUND"

6. Defendant denies the truth of the allegations set forth in Paragraph 7 of the First Amended Complaint.

7. The documents referenced in Paragraphs 8 through 17 of the First Amended Complaint speak for themselves.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraphs 8 through 17 of the First Amended Complaint, and leaves Plaintiff to her proofs.

8. Defendant denies the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint.

9. Defendant neither admits nor denies the truth of the allegations set forth in Paragraphs 19 through 20 of the First Amended Complaint, as the referenced documents speak for themselves.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 21 and 26 of the First Amended Complaint, and leaves Plaintiff to her proofs.

11. Defendant denies the truth of the allegations set forth in Paragraph 27 through 47 of the First Amended Complaint.

12. The document(s) referenced in Paragraphs 48 through 50 of the First Amended Complaint speak for themselves. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraphs 48 through 50 of the First Amended Complaint, and leaves Plaintiff to her proofs.

13. Defendant denies the truth of the allegations set forth in Paragraphs 51 through 61 of the First Amended Complaint, and leaves Plaintiff to her proofs.

14. The video referenced in Paragraph 62 of the First Amended Complaint speaks for itself. Defendant denies the truth of the remainder of the allegations set forth Paragraph 62 of the First Amended Complaint, and leaves Plaintiff to her proofs.

15. Defendant denies the truth of the allegations set forth in Paragraph 63 of the First Amended Complaint, and leaves Plaintiff to her proofs.

## FIRST CAUSE OF ACTION
### (TORTIOUS INTERFERENCE)

16. Defendant repeats each and every response contained within the preceding paragraphs as if set forth at length herein.

17. Defendant denies the truth of the allegations set forth in Paragraphs 65 through 68 of the First Amended Complaint. Further, Occhiogrosso respectfully refers all questions of law to the Court for determination upon trial of this matter.

WHEREFORE, Defendant states that the allegations contained in each and every paragraph of the prayer for relief in the First Amended Complaint are not based in fact and/or consist of and are based on legal conclusions that need not be responded to, and Defendant denies that Plaintiff is entitled to any relief whatsoever, and Defendant demands that Plaintiff's First Amended Complaint be dismissed and reasonable attorney's fees and costs incurred in defense of the claims awarded.

## SECOND CAUSE OF ACTION
### (UNJUST ENRICHMENT)

18.     Defendant repeats each and every response contained within the preceding paragraphs as if set forth at length herein.

19.     Defendant denies the truth of the allegations set forth in Paragraphs 70 through 73 of the First Amended Complaint. Further, Occhiogrosso respectfully refers all questions of law to the Court for determination upon trial of this matter.

WHEREFORE, Defendant states that the allegations contained in each and every paragraph of the prayer for relief in the First Amended Complaint are not based in fact and/or consist of and are based on legal conclusions that need not be responded to, and Defendant denies that Plaintiff is entitled to any relief whatsoever, and Defendant demands that Plaintiff's First Amended Complaint be dismissed and reasonable attorney's fees and costs incurred in defense of the claims awarded.

## SEPARATE DFENSES

1.     The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. To the extent that Plaintiff has suffered any injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and/or other persons over whom Defendant had no control, and not any act or omission of the Defendant.

3. If Defendant is found to owe Plaintiff any amount due, which Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that his actions were in compliance and conformity with all applicable state and federal laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore Defendant's actions were not willful.

4. Plaintiff's monetary claims are barred in whole or in part by her failure to mitigate his damages.

5. Plaintiff's claims are barred by the entire controversy doctrine.

6. Plaintiff's claims are barred by the doctrines of wavier, estoppel and unclean hands.

7. Plaintiff's claim for damages is barred, in whole or in part, because any and all actions taken by Defendant were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New Jersey law.

8. Plaintiff cannot establish or satisfy the requirements for an action pursuant to or under any other Federal and/or New Jersey State law and therefore, these actions alleged in the First Amended Complaint should be stricken and dismissed.

9. At all times material hereto, the actions of Defendant were justified under the circumstances and at all times material hereto Defendant acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

10. Plaintiff is precluded from brining this action because Plaintiff is required to proceed by way of arbitration and/or other alternative dispute resolution proceeding.

11. This court lacks subject matter and personal jurisdiction over Defendant.

12. Venue is improper.

13. Plaintiff instituted this proceeding knowing they had no reasonable, factual or legal basis therefore and in willful and reckless disregard of such knowledge. Such action constitutes a misuse of the Court and its processes and an illegal and tortiously outrageous harassment of defendant, rendering plaintiff liable for attorneys' fees, costs of suit, and other appropriate damages.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint is barred by the applicable statute of limitations.

2. Plaintiff's First Amended Complaint is barred by the doctrine of laches.

## RESERVATION OF RIGHT TO SEEK SANCTIONS

The Defendant reserves the right to apply to this Court for the imposition of sanctions against the Plaintiff and to make an application for counsel fees and costs of suit pursuant to F.R.C.P. 11, on the basis that the within cause of action is without merit, is frivolous and has been instituted by the Plaintiff in bad faith and with the intent to harass the Defendant.

## RESERVATION TO AMEND

The Defendant also places Plaintiff on notice that it does not waive any other defense that may become available from now through trial and place the Plaintiff on notice that it may amend its defenses, include additional defenses, and may incorporate other defenses that become available from now to the date of trial.

## RESERVATION TO STRIKE

The Defendant reserves the right to move to dismiss Plaintiff's First Amended Complaint at or prior to trial on the grounds of the Separate Defenses above.

## CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Without admitting any liability whatsoever, the Defendant hereby demands from any/all other Defendants, currently named or to be named to this action, both contribution and indemnification pursuant to any/all applicable provisions of common law, contract and/or statute, including but not limited to the New Jersey Joint Tortfeasors Act Contribution Act, N.J.S.A. 2:53A-1, et seq., the New Jersey Tort Claims Act, N.J.S.A. 59:9-3 and 4, subject to any agreement(s) and/or future agreement(s) by and between the parties limiting such cross-claims.

## ANSWER TO ALL CROSS-CLAIMS

By way of Answer to any and all potential Cross-Claims, the Defendant denies any and all allegations contained in such Cross-Claims to be filed in this matter.  The answering Defendant denies that any Co-Defendants are entitled to contribution and/or indemnification and holds Co-Defendants/Cross-Claimants to their proofs.

WHEREFORE, the Defendant, Joseph Occhiogrosso, demands judgment dismissing any and all Cross-Claims plus costs.

## NOTICE OF ALLOCATION

The Defendant advises that if any Co-Defendants presently or hereafter named settle the within matter prior to the conclusion of trial, the liability of any settling Co-Defendant shall remain at issue and the Defendant shall seek allocation of the percentage of fault by the finder of fact against such settling Co-Defendant and/or a credit in their favor consistent with such allocation.

## **DESIGNATION OF TRIAL COUNSEL**

Michael J. Marotte, Esq., is hereby designated trial counsel in this matter.

## **JURY DEMAND**

The Defendant demands a trial by jury on all issues arising in this action.

Dated:  November 11, 2014                              Respectfully submitted,

By:  **/s/ Joseph R. Haftek, Jr. (JH2446)**
Joseph R. Haftek, Jr., Esq. (JH2446)
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue
P. O. Box 991
Florham Park, New Jersey 07932
(973) 539-1000
*Attorneys for Defendant, Joseph Occhiogrosso*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a true copy of this pleading has been filed and served this date, within the time provided by the Rules of Court, by electronic filing upon:

    Clerk of the U.S. District Court
    United States District Court
    for the District of New Jersey

and by electronic filing upon all counsel of record.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 11, 2014          Respectfully submitted,

                               By: **/s/ Joseph R. Haftek, Jr. (JH2446)**
                                     Joseph R. Haftek, Jr., Esq. (JH2446)
                                     SCHENCK, PRICE, SMITH & KING, LLP
                                     220 Park Avenue
                                     P. O. Box 991
                                     Florham Park, New Jersey 07932
                                     (973) 539-1000
                                     *Attorneys for Defendant, Joseph Occhiogrosso*